UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN D. HUGHES #182524,

    Petitioner,

v.                                           Case No. 2:09-CV-78

CATHERINE BAUMAN,                 HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the report and recommendation dated June 12, 2009, in which Magistrate Judge Greeley recommended that Petitioner's habeas petition be dismissed pursuant to Rule 4 because the petition lacks merit. The magistrate judge further recommended that a certificate of appealability be denied. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

The magistrate judge concluded that Petitioner's procedural due process claim is without merit because Petitioner has no liberty interest under Michigan's parole system. In his objections, Petitioner states that the magistrate judge erred because Petitioner has a liberty interest in having the parole board exercise its discretion to either grant or deny parole. Petitioner further contends that the magistrate judge misconstrued his due process claim because Petitioner is not claiming that he has a protected liberty interest in parole release, but rather that he has a protected liberty interest in not being subjected to additional criminal punishment not explicitly imposed by the sentencing judge.

Petitioner fails to cite any authority for his proposition that he has a liberty interest in any aspect of parole under Michigan's parole system. Moreover, Petitioner fails to explain how the

denial of parole could result in additional punishment not imposed by the sentencing court. His objections are thus without merit.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 12, 2009 (docket no.6) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DISMISSED** pursuant to Rule 4 because his petition lacks merit.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.

Dated: July 8, 2009            /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE